

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-2222
Re:   Do the described activities
come within the provisions of the
Employment Agency Law?

Your recent request for an opinion of this department on the above stated question has been received.

Your letter reads, in part, as follows:

"  *  *  *

"'A' is a booking company, a corporation, with several offices established in various cities of the United States. 'A' receives revenue in the following manner: Various orchestra leaders sign management contracts with 'A', and subject to certain provisions, 'A' has the exclusive right to book these orchestras. When a booking is secured for the orchestra, 'A' makes a stipulated charge to the orchestra, which is a percentage of the amount of the contract involved. All contracts go through one of 'A's' offices. When the person engaging the orchestra signs the contract, he usually puts up a deposit with 'A', to be held until the engagement is played. The orchestra leader collects the balance due from the person who engaged the orchestra, and the orchestra leader subsequently collects the balance due him from 'A', which balance is the difference between the amount already on deposit with 'A' and the commission that 'A' has charged the orchestra.

"'B' is a private individual who assists 'A'

in finding engagements for orchestras. 'B' has no authority to fix prices, etc., but is instructed by 'A' as to the orchestras that are available, prices to be secured, etc. If 'B' succeeds in interesting a person in one of 'A's' orchestras, he asks 'A' for one of its contracts. 'A' fills out the contract on its regular form and sends it to 'B' who in turn has the client sign the contract. 'B' also usually collects a deposit, which is usually made out to 'A'. Both the contract and deposit are then sent to 'A'. After the contract is fulfilled and the engagement has been played, 'A' charges the orchestra a fee for services in connection with the booking of the engagement. 'A' then remits one-half of the fee (or some portion thereof) to 'B'.

"No contract is binding until the orchestra leader himself signs it, unless he has delegated such authority to 'A'. The contract form does not stipulate how the leader is to conduct his orchestra while fulfilling the engagement. The contract sets forth the length of the engagement, e.g., 9 till 12, 8 till 1, etc., and also mentions the place of the engagement, price to be paid, deposit collected, etc., but does not stipulate the type of music to be played, number of intermissions to be taken or when, etc. The orchestra merely plays and performs in the manner in which it is accustomed, and they may vary somewhat the nature of their performance if they wish. If the person attempts to supervise the performance in a manner which the leader does not approve, he is not compelled to adhere to the suggestions made. 'B' probably never comes in contact with the orchestra leader at all, and has no supervision of any kind over his actions. 'B' probably will not appear at the function for which the orchestra is engaged, nor will his name appear on any of the contracts.

"Do the activities described above come within the provisions of the Employment Agency Law, and, if so, would 'A', 'B', or both, be required to obtain employment agency licenses before carrying on such operations?"

Article 5208, Vernon's Annotated Civil Statutes, reads as follows:

"The term 'Employment Agent' means every person, firm, partnership or association or persons engaged in the business of assisting employers to secure employees, and persons to secure employment, or of collecting information regarding employers seeking employees, and persons seeking employment. The term 'Employment Office' means every place or office where the business of giving intelligence or information where employment or help may be obtained or where the business of an employment agent is carried on. The term 'Commissioner' means the Commissioner of Labor Statistics of the State of Texas. The term 'Deputy or Inspector' means any person who shall be duly authorized by the Commissioner to act in that capacity."

According to the statutory definition above set out an "Employment Agent" is a person, firm, partnership or association of persons engaged in the business of bringing about an employer-employee or master-servant relationship between two persons or a firm, corporation, partnership, etc., as employer or master and a person as employee or servant.

We quote from Word & Phrases, Permanent Edition 9, page 329, as follows:

"EMPLOYEE DISTINGUISHED -

"    *    *    *

"Where contract is let for work to be done by another in which contractee reserves no control over means of its accomplishment, but merely as to result, employment is independent one establishing relation of 'contractee' and 'contractor', and not of 'master' and 'servant.'

"    *    *    *    "

We again quote from Words & Phrases, Volume 3, page 2372, as follows:

"CONTRACTOR.

Webster defines 'employee' as one who is employed; a 'contractor,' as one who contracts to do anything. Those definitions are very general, but they obviously suggest, applied specifically, that an employe is one who is employed to perform personal services, and a contractor one who engages to do a particular thing; the idea of personal service not being a necessary element in the bargain. In the Standard Dictionary it is said that an employe is a person who is employed; one who works for wages or a salary, or who is engaged in the service of another; a contractor is one who executes plans under a contract; a subcontractor is one who contracts with the principal contractor to do work embraced in the latter's contract; that is, obviously, one who contracts to execute some integral part of the work covered by the scheme of the principal contract. By the Century Dictionary we are informed that an employe is one who works for an employer; a person working for a salary or wages; usually clerks, workmen, laborers, etc.; that a contractor is one who contracts to furnish supplies, or to construct work or erect buildings, or perform any work or service, at a certain price or rate; that a subcontractor is one who takes a part or the whole of the work from the principal contractor. Thus it will be seen, without any extended analysis of the various lexical definitions, that the significant element in the relation of an employe and his employer, specifically considered, is personal service, while the significant element in such relation between a contractor and his principal is the work, as an entirety, to be performed by him. Farmer v. St. Croix Power Co., 93 N.W. 830, 834, 117 Wis. 76.

"Contractors who have entire control of the work to be done, and were in no way subject to the control or direction of the person with whom they contracted, while performing the work they contracted to do for them, are not laborers, in the sense that they were earning wages of some person for the work to be done by them. To constitute laborers or employes, who can be said to be earning wages of an employer, they must be

holding such a relation to the employer that he can direct and control them in and about the work which they are doing for him. . . ."

The term "employees" indicates persons hired to work for wages as the employer may direct, and does not embrace the case of the employment of a person carrying on a distinct trade or calling to perform services independent of the control of the employer. CAMPFIELD V. LANG, U. S. 25 Fed. 128, 131.

We are constrained to the opinion that the statutes involved were enacted to regulate the typical and well-recognized employment agent's business which would not include that of the booking company as described in your letter.

The employment agency law contemplates only the regulation of the negotiations between the employer and employee, and does not relate to negotiations of independent contractual nature. The rule of master and servant, whether the details of the work are controlled by the independent contractor or by the person hiring the work done, is the criterion in making the distinction between an employer-employee, and an independent contractor relationship.

Under the facts stated in your inquiry, we think it is clear that the contractual relation between the person for whom the orchestra furnished music and the leader of the orchestra is not one of employer and employee or master and servant, but that of an independent contractor - contractor and contractee.

In view of the foregoing, you are respectfully advised that it is the opinion of this department that the above described activities do not come within the provisions of the unemployment agency law and neither "A" or "B" would be required to obtain an employment agency license before carrying on such operations.

Hon. Joe Kunschik, Commissioner, page 6

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY *RWB*
CHAIRMAN

AW:ob

APPROVED MAY 11, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS